# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| E-WATCH, INC. AND<br>E-WATCH CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>APPLE, INC.<br><br><br>HUAWEI DEVICE CO., LTD., AND<br>HUAWEI DEVICE USA, INC.<br><br>   Defendants. | § § § § § § § § § § § § § § § § § § | 2:13-CV-1061 – JRG-RSP<br>LEAD CASE<br><br><br><br><br><br>Civil Action No. 2:13-cv-01076<br>JURY TRIAL DEMANDED |

## HUAWEI DEVICE CO., LTD.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Huawei Device Co., Ltd. (hereinafter, "Huawei Device") hereby sets forth its Answer and Defenses to Plaintiffs e-Watch, Inc. and e-Watch Corporation's (collectively, "e-Watch") Second Amended Complaint for Patent Infringement and Demand for Jury Trial ("Complaint") as follows:

## ANSWER

Huawei Device denies the allegations in the Complaint unless expressly admitted in the following paragraphs.

## I. NATURE OF THE ACTION

1. Huawei Device admits that e-Watch purports to allege a patent infringement action. Huawei Device denies the remaining allegations of this paragraph.

2. Huawei Device admits that, on its face, United States Patent No. 7,365,871 ("the '871 patent") is titled "Apparatus for Capturing, Converting and Transmitting a Visual Image Signal Via a Digital Transmission System." Huawei Device admits that, on its face, United States Patent No. 7,643,168 ("the '168 patent") is titled "Apparatus for Capturing, Converting and Transmitting a Visual Image Signal Via a Digital Transmission System." Huawei Device lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

3. Huawei Device lacks knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore denies the same.

4. Huawei Device denies in their entirety the averments of Paragraph 4 of the Complaint.

5. Huawei Device denies in their entirety the averments of Paragraph 5 of the Complaint.

## II. THE PARTIES

6. Huawei Device lacks knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore denies the same.

7. Huawei Device lacks knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore denies the same.

8. Huawei Device admits that Huawei Technologies Co., Ltd. Is a Chinese company with its principal place of business located at HQ Office Building, Huawei Industrial Park,

Bantian, Longgang District, Shenzen 518129. Huawei Device lacks knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 8 of the Complaint.

9. Huawei Device admits that Huawei Technologies USA, Inc. is a corporation organized under the laws of the State of Texas with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024. Huawei Technologies also admits that Huawei Technologies USA, Inc. may be served with process via its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. Huawei Device further states that Huawei Technologies USA, Inc. does not have, and has not ever had, any information related to the accused devices. Huawei Device denies the remaining averments of Paragraph 9 of the Complaint.

10. Huawei Device admits that Huawei Device Co., Ltd. is a corporation organized under the laws of China and has its principal place of business located at HQ Office Building, Huawei Industrial Park, Bantian, Longgang District, ShenZhen 518129 P.R. China. Huawei denies the remaining averments of Paragraph 10 of the Complaint.

11. Huawei Device admits that Huawei Device USA, Inc. is a corporation organized under the laws of the State of Texas, with its principle place of business located 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024, where it can be served with process. Upon information and belief, Defendant Huawei Device USA, Inc. is authorized to do business in Texas. Huawei Device USA, Inc. may be served by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## III. JURISDICTION AND VENUE

12. Huawei Device admits that the Complaint purports to state claims that arise under the patent laws of the United States, 35 U.S.C. §§271, 281, 283, 284, and 285, but denies that such claims have any merit. Huawei Device also admits that the Court has subject matter jurisdiction over patent infringement actions under 28 U.S.C. §§ 1331 and 1338(a).

13. For the purposes of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Huawei Device does not contest that venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400; however, Huawei Device denies that this District is the most appropriate or convenient forum to exercise jurisdiction over this case. Huawei Device denies that it has committed the acts of infringement alleged by e-Watch in this District. Huawei Device denies all remaining averments of Paragraph 13.

## IV. PATENTS-IN-SUIT

14. Huawei Device lacks knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore denies the same.

15. Huawei Device lacks knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore denies the same.

16. Huawei Device lacks knowledge or information sufficient to form a belief as to the averments of this paragraph, and therefore denies the same.

## V. DEFENDANTS' ACTS

17. Huawei Device denies that the Ascend G510 and other Huawei smartphones with cameras are made in the United States. Huawei Device denies the remaining averments of Paragraph 17 of the Complaint.

18. Huawei Device denies in their entirety the averments of Paragraph 18 of the Complaint.

19. Huawei Device denies in their entirety the averments of Paragraph 19 of the Complaint.

## COUNT ONE
### (Alleged Infringement of the '871 Patent)

20. Huawei Device incorporates by reference the foregoing responses to Paragraphs 1-19 of the Complaint as though fully set forth herein.

21. Huawei Device denies in their entirety the averments of Paragraph 21 of the Complaint.

22. Huawei Device denies in their entirety the averments of Paragraph 22 of the Complaint.

## COUNT TWO
### (Alleged Infringement of the '168 Patent)

23. Huawei Device incorporates by reference the foregoing responses to Paragraphs 1-19 of the Complaint as though fully set forth herein.

24. Huawei Device denies in their entirety the averments of Paragraph 24 of the Complaint.

25. Huawei Device denies in their entirety the averments of Paragraph 25 of the Complaint.

## JURY DEMAND

26. Huawei Device denies all allegations that e-Watch is entitled to any of the relief requested in its Demand for Relief, or any other relief. To the extent that e-Watch's jury demand is deemed to require a response, Huawei Device admits that the Complaint contains a request for a jury trial. Huawei Device denies that e-Watch is entitled to a jury on any claim that requests equitable remedies, for which no jury is required. Huawei Device further denies any remaining request and/or allegations in this paragraph.

## REQUEST FOR RELIEF

Huawei Device denies all allegations that e-Watch is entitled to any of the relief requested in its Request for Relief, or any other relief. Huawei Device specifically denies that it has infringed any valid claim of the '871 or '168 patents under any theory—literally and/or under doctrine of equivalents.

## AFFIRMATIVE AND OTHER DEFENSES

Huawei Device s alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Huawei Device reserves the right to amend its Answer, including asserting additional defenses and counterclaims once discovery progresses. Huawei Device's Affirmative and other Defenses are listed below:

### First Defense
### (Infringement)

27. Huawei Device does not and has not infringed any claim of either the '871 patent or the '168 patent, either literally or under the doctrine of equivalents.

### Second Defense
### (Invalidity)

28. One or more claims of the '871 and/or '168 patents are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, 112, 116, and/or 256.

### Third Defense
### (Equitable Doctrines)

29. E-Watch's claims are barred or limited to the extent they conflict with any applicable principles of equity including, without limitation, the doctrines of equitable estoppel and/or laches.

## Fourth Defense
### (Limitation on Damages)

30. On information and belief, some or all of e-Watch's damages, if any, are limited by its failure to comply with the requirements of 35 U.S.C. § 287.

## Fifth Defense
### (Prosecution History Estoppel)

31. On information and belief, e-Watch's claims are barred by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## Sixth Defense
### (Reservation of Rights)

32. Huawei Device provides notices that it intends to rely on any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses, or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

## PRAYER FOR RELIEF

Huawei Device respectfully prays that judgment be entered in their favor and against Plaintiffs as follows:

a. The Complaint be dismissed with prejudice;

b. This Court deny Plaintiffs' allegations that Huawei Device has infringed the '871 and '168 Patents;

c. This Court deny Plaintiffs' request for damages and interest;

d. This Court deny Plaintiff's request for costs, disbursements, and attorneys' fees;

e. This Court adjudge this case exceptional pursuant to 35. U.S.C. § 285, and award Huawei Device its costs, expenses, and disbursements, including an award of attorneys' fees; and

f. This Court award Huawei Device such other further relief to which it may be entitled.

Dated: April 21, 2014　　　　　　　　Respectfully Submitted,

.

*/s/ Scott F. Partridge*

Scott F. Partridge (LEAD COUNSEL)
Texas Bar No. 00786940
scott.partridge@bakerbotts.com

Lisa Kelly
Texas Bar No. 24041659
lisa.kelly@bakerbotts.com

Masood Anjom
Texas Bar No. 24055107
masood.anjom@bakerbotts.com

Joshua Davis
Texas Bar No. 24059656
joshua.davis@bakerbotts.com

**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002

Telephone: (713) 229-1569
Facsimile: (713) 229-7769

ATTORNEYS FOR HUAWEI DEVICE CO.,
LTD., AND HUAWEI DEVICE USA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically on April 21, 2014 in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsels who are deemed to have consented to electronic service.


                                    /s/ *Lisa Kelly*
                                    Lisa Kelly